UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 6, 2013

LETTER TO COUNSEL:

    RE: *Suzette Robinson v. Commissioner, Social Security Administration*;
           Civil No. SAG-10-3298

Dear Counsel:

    On November 22, 2010, the Plaintiff, Suzette Robinson, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income.[1] (ECF No. 1). I have considered the Commissioner's motion for summary judgment (ECF No. 17), the supplemental evidence filed by Ms. Robinson (ECF Nos. 21, 23), and the response filed by the Commissioner (ECF No. 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

    Ms. Robinson filed her claim on October 3, 2006, alleging disability beginning on October 1, 2004. (Tr. 118-28). Her claim was denied initially on December 15, 2006, and on reconsideration on February 28, 2007. (Tr. 81-88, 89-90). Hearings were held on November 17, 2008 and February 23, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 71-77, 23-64). Following the second hearing, on April 29, 2009, the ALJ determined that Ms. Robinson was not disabled during the relevant time frame. (Tr. 11-22). The Appeals Council denied Ms. Robinson's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Robinson suffered from the severe impairments of back pain and low blood pressure. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Robinson retained the residual functional capacity ("RFC") to:

---

[1] Ms. Robinson also filed a claim for Disability Insurance Benefits on October 3, 2006, and the processing of that claim may not have been complete. (Tr. 118-22, 25-26). It appears that her date last insured was September 30, 2006, which may provide the reason that the claim was not adjudicated further. (Tr. 136). In any event, because the ALJ properly determined that Ms. Robinson was not disabled, any error in processing her claim for Disability Insurance Benefits would be harmless.

*Suzette Robinson v. Commissioner, Social Security Administration*
Civil No. SAG-10-3298
February 6, 2013
Page 2

> perform sedentary work as defined in 20 CFR 416.967(a). She can lift/carry 10 pounds occasionally and less than 10 pounds frequently and she can stand and walk two hours in an eight hour day.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), and considering Rule 202.28, the ALJ determined that Ms. Robinson could perform jobs that exist in significant numbers in the national economy, including her past relevant work as a data entry clerk, and that she was therefore not disabled during the relevant time frame. (Tr. 20-21).

Ms. Robinson, who appears *pro se*, has not filed a motion for summary judgment. She has filed two separate sets of medical records (ECF Nos. 21, 23). The vast majority of those medical records post-date the ALJ's opinion, and do not reveal anything regarding Ms. Robinson's condition prior to the date of the ALJ's opinion. Thus, those records are not relevant to my determination because they could not have affected the outcome of the ALJ's decision. *See Gibson v. Barnhart*, 50 Fed. Appx. 182, 183 (4th Cir. 2002). Ms. Robinson's filings also include one October 17, 2007 letter from her treating physician, Dr. Saluja. (ECF No. 21). Although it predates the ALJ's opinion, that letter does not constitute "new evidence" because it existed at the time of the hearing, and Ms. Robinson has not explained her failure to submit the letter for inclusion in the evidence of record. *See Davis v. Astrue*, Civil Action No. TMD 09-2902, 2011 WL 4005260, at *3-4 (D. Md. Sept. 6, 2011) ("the Court finds that the evidence is not new because Claimant could have submitted it to the ALJ for consideration."). As a result, I have not considered the medical information filed by Ms. Robinson, but I have carefully reviewed the ALJ's opinion and the entire record. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all steps of the sequential evaluation. At step two, the ALJ found severe impairments of back pain and low blood pressure. (Tr. 16). The ALJ also assessed Ms. Robinson's obesity, asthma, gastroesophageal reflux disease, and depression, and cited appropriate medical sources in determining that the impairments were not severe. (Tr. 16-17). At step three, the ALJ assessed Ms. Robinson's back pain under Listings 1.04A and 1.04C, and provided a full explanation of his analysis regarding her failure to meet the Listings. (Tr. 17-18). Ms. Robinson's impairments did not require analysis of additional Listings.

At step four, the ALJ provided a detailed summary of Ms. Robinson's testimony and the information about her activities of daily living (ADLs), as derived from her various function reports. (Tr. 19). The ALJ also analyzed the medical evidence provided by the non-examining state medical consultants and treating physicians Dr. Saluja and Dr. Garwala. (Tr. 19-20). The ALJ explained his assignments of weight to the opinion of each medical source. *Id.* With respect to the treating physicians' opinions, the ALJ provided substantial evidence to support his decision to afford their opinions less than controlling weight. The ALJ noted that Dr. Saluja's opinion that Ms. Robinson could stand/walk less than two hours was unsupported in the medical records. (Tr. 20). I have not found evidence of record to refute the ALJ's position. The ALJ

*Suzette Robinson v. Commissioner, Social Security Administration*
Civil No. SAG-10-3298
February 6, 2013
Page 3

opined that Dr. Garwala's opinion prescribed more extreme limitations than Dr. Saluja's opinion, but no treatment notes or clinical examinations from Dr. Garwala supported the more extreme limitations proposed. *Id.* Finally, the ALJ noted that the opinion of the state agency medical consultant who suggested that Ms. Robinson could perform light work deserved limited weight because subsequent medical evidence suggested further limitations. *Id.* I find that the assignments of weight by the ALJ were supported by substantial evidence. Moreover, in considering the entire record, including the evidence of Ms. Robinson's ADLs, substantial evidence supports the RFC determined by the ALJ.

The ALJ also appropriately completed step five of the sequential evaluation. The ALJ took testimony from the VE regarding the requirements of Ms. Robinson's past relevant work. (Tr. 59). Because Ms. Robinson's impairments did not create non-exertional limitations, the ALJ appropriately considered and applied Medical Vocational Rule 201.28. (Tr. 21). In the alternative, however, the ALJ also relied upon the VE testimony to determine that Ms. Robinson could perform both her past relevant work and other jobs existing in the national economy. *Id.* The ALJ's step five determination, therefore, was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge